[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15114
Non-Argument Calendar
_____

Agency No. A201-180-098

CARLOS ALEXSANDER AZEVEDO-AVILA,
a.k.a. Carlos Alexsander Avila-Azevedo,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 22, 2015)

Before MARCUS, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Carlos Azevedo-Avila, a native and citizen of Brazil, seeks review of a final order of the Board of Immigration Appeals denying his second motion to reopen his proceedings.   Mr. Azevedo-Avila's second motion alleged ineffective assistance of counsel based on his prior attorney's failure to timely file his first motion to reopen his proceedings and to support that motion with appropriate evidence.  On appeal, Mr. Azevedo-Avila argues that the BIA erred in denying his second motion to reopen when it concluded that his second motion to reopen was time and number barred.  He also contends that the BIA erred when it failed to decide whether his attorney was deficient and when it applied an incorrect standard of prejudice to his ineffective-assistance claim.  Finally, Mr. Azevedo-Avila asserts that he suffered a due process violation as a result of his counsel's ineffectiveness. After thorough review of the parties' briefs and the record, we affirm.

## I

On June 6, 2012, an immigration judge granted Mr. Azevedo-Avila permission to voluntarily depart the United States, valid until October 4, 2012, with an alternate order of removal to Brazil.  Mr. Azevedo-Avila did not appeal the immigration judge's order to the BIA.

At the time, Mr. Azevedo-Avila was married to his second wife, a U.S. naturalized citizen.  His second wife did not file an I-130 petition for alien relative on his behalf.  In late June of 2012, Mr. Azevedo-Avila divorced his second wife.

2

In August of 2012, he married his third wife, a legal permanent resident who was eligible to become a naturalized citizen in July of 2013. Mr. Azevedo-Avila's attorney—who began representing Mr. Azevedo-Avila after the immigration judge issued the June 6 order to voluntarily depart—did not timely file a motion to reopen. In September of 2012, Mr. Azevedo-Avila's third wife filed an I-130 petition on Mr. Azevedo-Avila's behalf. Mr. Azevedo-Avila did not depart the country voluntarily before the October 4, 2012, deadline set forth in the June 6 order.

In December of 2012, Mr. Azevedo-Avila's attorney filed a motion to reopen and stay removal proceedings during the pendency of Mr. Azevedo-Avila's I-130 petition. Mr. Azevedo-Avila estimated that his third wife would be eligible to naturalize in July of 2013, and at that time, he contended that his then pending I-130 petition would be upgraded, permitting him to become eligible to adjust his status to that of a lawful permanent resident. Mr. Azevedo-Avila's attorney attached several exhibits, including a copy of his Form I-130 petition and his marriage certificate for his third marriage.

The immigration judge denied Mr. Azevedo-Avila's motion to reopen. The immigration judge ruled that Mr. Azevedo-Avila's motion was untimely, that Mr. Azevedo-Avila was statutorily barred for 10 years from seeking an adjustment of status because he did not voluntarily depart by October 4, 2012, and that Mr.

3

Azevedo-Avila had not shown proof that he was eligible for an adjustment of status. The immigration judge also ruled that Mr. Azevedo-Avila had shown a "lack of candor before the [c]ourt." The immigration judge ruled that Mr. Azevedo-Avila had not been candid about several circumstances, including the fact that his two children did not live with him in the United States with his current wife, but instead in Canada with his first wife. As a result, the immigration judge declined to exercise the court's discretion to reopen Mr. Azevedo-Avila's proceedings.

Mr. Azevedo-Avila's attorney filed a timely appeal with the BIA. In July of 2014, the BIA affirmed the immigration judge's denial of the motion to reopen because the motion was untimely, Mr. Azevedo-Avila was subject to the 10-year statutory bar from seeking adjustment of status due to his failure to voluntarily depart, and he did not demonstrate that he was eligible for an adjustment of status. The BIA also ruled that Mr. Azevedo-Avila had not demonstrated that his situation was truly exceptional and that it should exercise *sua sponte* authority to reopen his proceedings. The BIA did not address Mr. Azevedo-Avila's arguments on appeal regarding the immigration judge's refusal to exercise the court's discretion to reopen proceedings due to Mr. Azevedo-Avila's lack of candor. Mr. Azevedo-Avila did not seek judicial review of the BIA's ruling.

In August of 2014, the BIA received Mr. Azevedo-Avila's second motion to reopen the removal proceedings, which alleged ineffective assistance of counsel during the first motion to reopen. Mr. Azevedo-Avila argued that he was subject to the 10-year statutory bar because his attorney failed to timely file his motion to reopen. He claimed that his attorney's ineffectiveness entitled him to a presumption of prejudice. He said that he also showed that he suffered great prejudice because, had a timely motion been filed, he could have received a continuation of proceedings during the pendency of his I-130 petition until he was eligible for an adjustment of status.

The BIA denied Mr. Azevedo-Avila's second motion to reopen in October of 2014 as time-and number-barred. The BIA, however, noted that Mr. Azevedo-Avila could overcome these bars if he could show a denial of due process due to ineffective assistance of counsel. The BIA did not decide whether Mr. Azevedo-Avila's attorney was deficient, but ruled that Mr. Azevedo-Avila had shown neither prejudice nor eligibility for relief. During the original timeframe in which Mr. Azevedo-Avila could have filed a timely motion to reopen, "[n]o visa . . . was available to [Mr. Azevedo-Avila] as the spouse of a lawful permanent resident . . ., and voluntary departure was the only relief then available." Further, the BIA noted that the immigration judge denied his discretionary authority to reopen the proceedings due to Mr. Azevedo-Avila's lack of candor. Thus, the BIA concluded

5

that Mr. Azevedo-Avila "ha[d] not shown a reasonable probability that a timely motion to reopen would have led to a different outcome in his case."

Mr. Azevedo-Avila now seeks review of the BIA's denial of his second motion to reopen.

## II

We review the denial of a motion to reopen an immigration proceeding for abuse of discretion, namely, whether the BIA exercised its administrative discretion in an arbitrary or capricious manner. *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008). "The moving party bears a heavy burden" because "motions to reopen are disfavored, especially in removal proceedings." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

An alien generally may file one motion to reopen removal proceedings, and must file such a motion within 90 days of the date of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA is within its discretion to deny a motion to reopen for at least three reasons: "(1) failure to establish a prima facie case [of eligibility for adjustment of status]; (2) failure to introduce evidence that was material and previously unavailable; and (3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." *Chacku v. U.S. Att'y Gen.*, 555

F.3d 1281, 1286 (11th Cir. 2008) (alterations in original and internal quotation marks and citation omitted).

An alien may receive an adjustment in status under 8 U.S.C. § 1255, if, after applying for the adjustment, the alien "is eligible to receive an immigrant visa and is admissible to the United States for permanent residence," and "an immigrant visa is immediately available to [the alien] at the time [the] application is filed." *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1363 (11th Cir. 2006). We have held that the BIA did not abuse its discretion by denying a motion to reopen where the alien was not statutorily eligible for adjustment on the date he filled his adjustment application because he did not have a visa immediately available to him on that date. *See Chacku*, 555 F.3d at 1286.

An alien loses eligibility to seek an adjustment of status under § 1255 for 10 years if he overstays his voluntary departure period. *See* 8 U.S.C. § 1229c(d)(1)(B); 8 C.F.R. § 1240.26(a). If the alien files a motion to reopen with the BIA within the voluntary departure period, however, the alien's grant of voluntary departure automatically terminates. *See* 8 U.S.C. 6 1229c(d)(1)(B); 8 C.F.R. § 1240.26(e).

An alien may claim ineffective assistance of counsel in a motion to reopen removal proceedings. *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1273 (11th Cir. 2004). An alien who asserts an ineffective assistance claim must satisfy a

7

three-part test under *Matter of Lozada*, 19 U & N Dec. 637, 639 (BIA 1988).  *See Dakane*, 399 F.3d at 1273 (explaining *Lozada*'s procedural requirements).  Even if an alien satisfies this three-part test, however, the alien must also show that the attorney's deficient actions prejudiced him.  *See id.* ("Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different.").  *See also Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1148 (11th Cir. 1999) (concluding that the alien had not established that "but for his counsel's deficient representation, he would not have been ordered deported").  To establish a due process violation in the removal context, an alien must show that he was deprived of liberty without due process of law, and that any errors caused the alien substantial prejudice.  *See Sheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).

The decision whether to grant or deny a motion to reopen is within the BIA's "very broad" discretion.  *Id.*  We have held that "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest."  *Id.* (internal quotation marks and citation omitted).  Thus, an alien cannot establish a due process violation based on the BIA's denial of a motion to reopen proceedings, because such a person has no constitutionally protected liberty interest in the granting of a motion to reopen.  *Id.*  *See also Mejia Rodriguez*, 178

F.3d at 1148 (holding that "an attorney's deficient representation does not deprive an alien of due process if the deficient representation merely prevents the alien from being eligible for suspension of deportation" because "[a]n alien's actual chances of receiving such discretionary relief are too speculative, and too far beyond the capability of judicial review, to conclude that the alien has actually suffered prejudice from being ineligible for suspension of deportation").

## III

The BIA did not abuse its discretion by applying the time and number bars to Mr. Azevedo-Avila's second motion to reopen removal proceedings. Even if we assumed (without deciding) that Mr. Azevedo-Avila's attorney was deficient, Mr. Azevedo-Avila cannot establish a reasonable probability that, but for his prior attorney's errors, he would have received a different outcome in his case.

The immigration judge and the BIA considered and disposed of Mr. Azevedo-Avila's first motion to reopen removal proceedings on the merits, despite finding them time-barred. The immigration judge and the BIA both determined that Mr. Azevedo-Avila did not show that he was prima facie eligible for relief sufficient to toll the time bar. Mr. Azevedo-Avila did not seek review in this Court of the immigration judge's and BIA's findings regarding his first motion to reopen the proceedings, and he cannot now attack those determinations via his second motion to reopen. *See Dakane*, 399 F.3d at 1272 n.3. Moreover, we cannot review

on appeal the immigration judge's discretionary denial of Mr. Azevedo-Avila's motion to reopen and the BIA's decision not to exercise its *sua sponte* discretion to reopen Mr. Azevedo-Avila's removal proceedings. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008).

As to Mr. Azevedo-Avila's contention that he suffered prejudice because his previous attorney's actions led to the application of a 10-year adjustment of status bar, that argument is unavailing. Although the bar was one of multiple factors in the denial of Mr. Azevedo-Avila's first motion to reopen, the BIA did not address the statutory bar in reviewing Mr. Azevedo-Avila's second motion to reopen. Instead the BIA concluded that Mr. Mr. Azevedo-Avila did not show that a visa, or any other relief short of departing the country, was available to him during the time when he could have filed a timely motion to reopen. The immigration judge and the BIA also declined to exercise their discretion to reopen Mr. Azevedo-Avila's removal proceedings. Thus, the application of the statutory bar is not a source of prejudice for Mr. Azevedo-Avila. Because he has not shown that he was prima facie eligible for relief, Mr. Azevedo-Avila has not shown a reasonable probability that the outcome of his case would have been different.

Finally, Mr. Azevedo-Avila cannot establish a due process violation as a result of his ineffective assistance of counsel claim because he does not have a due

10

process right to discretionary relief, such as reopening his case.  *See Sheerer*, 513 F.3d at 1253; *Mejia Rodriguez*, 178 F.3d at 1148.

## IV

We deny Mr. Azevedo-Avila's petition for review of his second motion to reopen.

**PETITION DENIED.**

11